LYONS, Justice
(concurring specially).
Hall does not challenge the sufficiency of the evidence. On the other hand, the State does not argue that any error in the admission of the confession was harmless. Had the trial court erred in admitting the confession, we would reverse the judgment of the Court of Criminal Appeals and thereby not reach the question of the effect of the erroneous testimony offered in rebuttal to Hall’s alibi.
I concur with the conclusion in the main opinion that the trial court did not err in admitting the confession into evidence. The trial court resolved the diametrically conflicting evidence as to the administration of the juvenile Miranda[5] warning and Hall’s willingness to proceed with the interrogation without a parent present against Hall and in favor of the State. This Court cannot overturn a trial court’s decision concerning conflicting evidence given at a suppression hearing “unless it is palpably contrary to the weight of the evidence.” State v. Smith, 715 So.2d 925, 928 (Ala.Crim.App.1998).
In determining the critical issue as to whether the absence of testimony contradicting Hall’s alibi would have led to a not-guilty verdict, we cannot disregard the fact of Hall’s confession. Nevertheless, I am troubled by the fact that on two prior *1088 occasions, two separate juries were unable to find Hall guilty of the same charges, presumably in face of the same confession and the same evidence contradicting Hall’s alibi. However, because Hall does not challenge the sufficiency of the evidence once the evidence contradicting the alibi is subtracted, I do not think he can be heard to say that there was a significant prospect of a not-guilty verdict had truthful evidence been presented.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).